UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DWAIN BENTON,                              CASE NO.:

             Plaintiff,

vs.

ABLE AUTO PAINTING AND
BODY SHOP, INC., A GEORGIA
CORPORATION,

             Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, DWAIN BENTON, by and through the undersigned attorney, sues the Defendant, ABLE AUTO PAINTING AND BODY SHOP, INC., a Georgia Corporation, and alleges:

1.     Plaintiff was an employee of Defendant and brings this action for unpaid overtime compensation, declaratory relief, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA").

## GENERAL ALLEGATIONS

2.     Plaintiff was an hourly paid employee who worked for Defendant from March 2015 to November 2015.

3.     Defendant, ABLE AUTO PAINTING AND BODY SHOP, INC., is a

Georgia Corporation that operates and conducts business in, among other locations, Cobb County, Georgia and is therefore, within the jurisdiction of this Court.

4.      This action is brought under the FLSA to recover from Defendant overtime compensation, liquidated damages, and reasonable attorneys' fees and costs.

5.      This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and the FLSA and the authority to grant declaratory relief under the FLSA pursuant to 28 U.S.C. §2201 et seq.

6.      During Plaintiff's employment with Defendant, Defendant earned more than $500,000.00 per year in gross sales.

7.      During Plaintiff's employment with Defendant, Defendant employed two or more employees which handled goods, materials and supplies which had travelled in interstate commerce.

8.      Included in such goods, materials and supplies were computers, telephones, vehicles, office equipment and furniture, as well as numerous other goods, materials and supplies which had been carried in interstate commerce.

9.      Therefore, Defendant is considered an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

## FLSA VIOLATIONS

10.     At all times relevant to this action, Defendant failed to comply with the FLSA by only paying Plaintiff his regular hourly rate for his overtime hours worked, and by failing to pay Plaintiff any compensation for some overtime hours worked.

11.     During his employment, Plaintiff would at times be paid "straight time" for his overtime hours worked.  Attached as Exhibit A is an example paycheck showing Plaintiff paid his regular hourly rate for overtime hours worked.

12.     Additionally, there were times where Plaintiff would not be paid any compensation whatsoever for overtime hours worked.

13.     During his employment with Defendant, Plaintiff routinely worked overtime hours, but was not paid the correct overtime compensation for these hours worked.

14.     Upon information and belief, the records, to the extent any exist and are accurate, concerning the number of hours worked and amounts paid to Plaintiff are in the possession and custody of Defendant.

## RECOVERY OF OVERTIME COMPENSATION

15.     Plaintiff reincorporates and readopts all allegations contained

within Paragraphs 1-14 above.

16.    Plaintiff was entitled to be paid overtime compensation for overtime hours worked by him for Defendant.

17.    During his employment with Defendant, Plaintiff regularly worked overtime hours but was only paid straight time, or no pay at all, for those overtime hours worked.  *See* Ex. A and ¶¶ 10-13.

18.    Defendant did not have a good faith basis for its failure to pay Plaintiff complete and proper overtime compensation for all overtime hours worked.

19.    As a result of Defendant's intentional, willful and unlawful acts in refusing to pay Plaintiff complete and proper overtime compensation, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

20.    As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

21.    Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, DWAIN BENTON, demands judgment against Defendant for unpaid overtime compensation, liquidated damages, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

Dated this 16th day of June, 2016.

/s/ C. RYAN MORGAN
C. Ryan Morgan, Esq.
Georgia Bar No. 711884
Morgan & Morgan, P.A.
20 N. Orange Ave., 14th Floor
Orlando, FL 32802-4979
Telephone: (407) 420-1414
Facsimile:  (407) 245-3401
Email:      RMorgan@forthepeople.com
*Attorneys for Plaintiff*